15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 4 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GILBERTO HERNANDEZ-ACEVEDO d/b/a RIVER DOWN CO., INC. | § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-96 JURY |
| PELCO, INC. | § § | |

## ORDER GRANTING DEFAULT JUDGMENT

CAME ON TO BE HEARD this ___ day of _____, 2000, the Plaintiff's Application for Default Judgment against Defendant Pelco, Inc. The Court finds the following:

(1) Defendant PELCO, INC. is not an infant or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

(2) Said Defendant has not appeared in this action.

(3) Notice of this application for default judgment by court was served on said defendant on March 17, 1999, April 26, 1999, July 21, 1999, May 17, 2000 and on June 8, 2000 by certified mail, return receipt requested, as required by Local Rule 6.C.2.

(4) Plaintiff is entitled to judgment against defendant on account of the claims pleaded in the complaint.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Defendant Pelco, Inc.:

(1) $ 82,516.00 the sum paid for the goods that were rejected as damaged and unusable pursuant to UCC § 2.711(a) which provides:

> *Where the.... buyer rightfully rejects... any goods involved, and with respect to the whole if the breach goes to the whole contract, the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid (1) "cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract;*

(2) $ 15,400 <u>00</u>  Plaintiff's loss of profit for the inability to resell the Coca Cola product;

(3) $ 3,000 <u>00</u>  expenses of inspection pursuant to UCC § 2.513(b).

(4) $ 3,000 <u>00</u>  incidental and consequential expenses incurred in cleanup and repair of any and all warehouse, including that of the Plaintiff and adjoining areas and storage areas of customers, made necessary because of the incident that is the basis of this lawsuit in an amount in excess of the minimum jurisdictional limits of this Court.

(5) $ 30,000 <u>00</u>  loss of business opportunity and goodwill in an amount in excess of the minimum jurisdictional limits of this Court.

(6) $_____ loss of business expenditures made in reliance upon the Defendant's representations, including but not limited to, the purchase of an eighteen wheeler, tractor-trailer truck to be used for transporting the product from the location where the product was to be delivered to other points of destination, in an amount in excess of the minimum jurisdictional limits of this Court.

(7) $ 32,484 <u>00</u> damage to business reputation suffered as a result of this incident.

(8) $_____ damage to personal reputation suffered as a result of this incident.

(9) $_____ legal expenses incurred expended including but not limited to defending collection efforts by lending institutions as a result of this incident.

(10) $ 6,000 <u>00</u>  reasonable attorney's fees incurred in the prosecution of this action.

(11) $_____ damage to personal credit history of the Plaintiff as a result of this incident.

(12) $_____ damage to business credit history of the Plaintiff

as a result of this incident.

(13) $ 52,900.00 interest and charges associated with the inability to repay a loan obtained in order to pay the contract price, which was to be repaid after resale of the product.

The amount of judgment rendered is the sum of $ 225,300.00 as set forth in above.

Further it is ORDERED, ADJUDGED AND DECREED that Plaintiff shall have all writs of execution and all process necessary to enforce this judgment and that all costs herein are assessed against Defendant, Pelco, Inc. for which sum let execution issue.

This Judgement is based on the Application, Notice, the declarations of Anthony P. Troiani, and the pleadings, files and other matters that may be presented at the hearing.

Signed this the 27th day of June, 2000.

_____
JUDGE PRESIDING